UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| AZAEL DYTHIAN PERALES, | ) | No.  12-cv-456-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHN BOEHNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |

Azael Dythian Perales filed a complaint on March 21, 2012, alleging that

the defendants violated a variety of state and federal statutes. Perales is appearing

pro se and moves to proceed *in forma pauperis*.

Perales submitted a declaration that shows he lacks sufficient funds to

prosecute this case. The declaration satisfies the requirements of 28 U.S.C. §

1915(a), and the Court grants Perales's motion to proceed *in forma pauperis*. This

action may proceed without prepayment of the filing fee, and the Clerk of Court is

1

directed to file Perales's lodged complaint as of the filing date of his motion to proceed *in forma pauperis*.

Since Perales is proceeding pro se, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2), which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court will review Plaintiff's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell A. Twombly*, 550 U.S. 544, 570 (2007)). This

"plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

In other words, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations in a complaint must rise above the level of mere speculation, but need only "raise a reasonable expectation that discovery will reveal evidence of" a basis for liability. *Twombly*, 550 U.S. at 555–56.

In determining whether this standard is satisfied, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir.2005). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555. "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litigation,* 536 F.3d 1049, 1055 (9th Cir.2008). Assessing a claim's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Here, Perales's complaint is 28 pages long—25 of those pages are the caption, where Perales lists myriad government officials as defendants. In the

3

remaining three pages, Perales lists several statutes that he claims the defendants violated. Perales does not specify which defendants violated which statutes. Nor does he provide any factual allegations regarding those violations.

Perales's complaint falls far short of the *Iqbal* and *Twombly* standard discussed above. As a result, it is subject to dismissal on each of the grounds given in 28 U.S.C. § 1915(e)(2)(B) (including the 28 U.S.C. § 1915(e)(2)(B)(iii), since many of the defendants might be immune from Perales's claims). Nevertheless, the Court will permit Perales to amend his complaint in compliance with Federal Rule of Civil Procedure 8(a) and *Iqbal* and *Twombly*. Should he fail to do so within the time allotted, his complaint will be dismissed with prejudice and this case will be closed.

IT IS ORDERED that Azael Dythian Perales's motion to proceed *in forma pauperis* (doc. 1) is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Perales's lodged complaint as of the filing date of his motion to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that Azael Dythian Perales may file an amended complaint by June 8, 2012. The Clerk of Court is directed to provide him with a form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Perales's amended complaint shall set forth a short and plain statement of (1) his

4

claims against each individual defendant showing that he is entitled to relief, (2) the grounds for the court's jurisdiction over this action, and (3) the facts which indicate that the District of Montana is the proper venue for this lawsuit.

At all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Plaintiff is advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may result in this case being dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See e.g. Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

Dated this 18th day of May 2012.


_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT